IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL LINDLEY, | ) | CASE NO. 3:11 CV 390 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

**A.      Nature of the case and proceedings**

This is an action by Crystal Lindley under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB").[1]

On May 24, 2011, the parties filed a joint proposed stipulation for remand,[2] and Judge David A. Katz granted the stipulation.[3] On April 16, 2013, Lindley filed a motion to reopen the case,[4] and on April 18, 2013, Judge Katz granted the reopening of the case by non-document order and referred the case to me.

---

[1] ECF # 1.

[2] ECF # 7.

[3] ECF # 8.

[4] ECF # 9.

The parties have consented to my jurisdiction.[5] The Commissioner has filed the transcript of the administrative record.[6]

Under the requirements of my procedural[7] order, the parties have briefed their positions[8] and filed supplemental charts[9] and the fact sheet.[10] They have participated in a telephonic oral argument.[11]

**B.    The Commissioner's decision**

The Administrative Law Judge ("ALJ") found that Lindley had the following severe impairments: thoracic outlet obstruction, asthma, and carpal tunnel syndrome.[12] The ALJ decided that the relevant impairments did not meet or equal a listing.[13] The ALJ made the following finding regarding Lindley's residual functional capacity:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant: could

---

[5] ECF # 18.

[6] ECF # 12.

[7] ECF # 13.

[8] ECF # 14 (Lindley's brief), ECF # 21 (Commissioner's brief), ECF # 23 (Lindley's reply brief).

[9] ECF # 14-2 (Lindley's charts), ECF # 22 (Commissioner's charts).

[10] ECF # 14-1 (Lindley's fact sheet).

[11] ECF # 25.

[12] ECF # 12, Transcript of Proceedings ("Tr.") at 509.

[13] *Id.* at 510.

occasionally lift overhead; an [sic] must have avoided concentrated exposure to pulmonary irritants.[14]

Based on that residual functional capacity, the ALJ found Lindley capable of her past relevant work as an inspector[15] and, therefore, not under a disability.[16]

The Appeals Council denied Lindley's request for review of the ALJ's decision.[17] With this denial, the ALJ's decision became the final decision of the Commissioner.[18]

## C.    Issues presented

Lindley asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Lindley presents three issues for judicial review:

- Does substantial evidence support the ALJ's RFC finding?

- Does substantial evidence support the ALJ's finding that Lindley was not credible to the extent that her statements were inconsistent with the RFC finding?

- Did the Commissioner deny Lindley due process by the delay in adjudicating her claim and the failure to carry forward an earlier finding of RFC under the doctrine of *res judicata*?

---

[14] *Id.* at 510.

[15] *Id.* at 516-17.

[16] *Id.* at 517.

[17] *Id.* at 547-52.

[18] *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 648 (6th Cir. 2011); 20 C.F.R. §§ 404.981 and 416.1481.

**D.**     **Disposition**

For the reasons that follow, I conclude that the ALJ's no-disability finding has the support of substantial evidence. The denial of Lindley's application will be affirmed.

## Analysis

**A.**     **Standard of review – substantial evidence**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## B.    Application of standard

For purposes of this case, the relevant severe impairments found by the ALJ at step two are thoracic outlet obstruction and carpal tunnel syndrome.[22] At step four the ALJ adopted an RFC for light work with a limitation to occasional lifting overhead.[23] Given that RFC, the ALJ found Lindley capable of her past relevant work as an inspector in an auto assembly plant as actually and generally performed.[24]

The arguments on the first two issues – RFC and credibility – are straightforward. The evidence goes both ways. The ALJ's decision at step four contains extensive articulation about the medical evidence[25] and medical source opinions.[26] The ALJ has weighed all

---

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[22] Tr. at 509.

[23] *Id.* at 510.

[24] *Id.* at 516.

[25] *Id.* at 512-14.

[26] *Id.* at 514-16.

medical source opinions. The ALJ also discussed credibility in terms of the regulatory criteria.[27] Substantial evidence supports the RFC and credibility findings.

The argument on the third issue is nuanced. First, Lindley relies on the long delay caused by multiple remands. Lindley's first application for benefits was denied in 2001,[28] and she did not appeal. An ALJ issued a decision on a second application in 2005.[29] The Appeals Council remanded the decision with directions to evaluate and weigh the opinion of an examining source, to reconsider the credibility finding using certain criteria in the regulations, and to decide the case at step five given an erroneous finding as to past relevant work.[30] The ALJ issued a decision on remand on September 28, 2007.[31] Lindley sought judicial review of that decision, and this Court remanded for consideration and weighing of the opinion of a treating source.[32] On this second remand, the ALJ entered a decision on May 28, 2010.[33] This Court remanded the case again, this time under sentence six of § 405(g)

---

[27] *Id.* at 516.

[28] *Id.* at 44-52.

[29] *Id.* at 427-32.

[30] *Id.* at 418-19.

[31] *Id.* at 15-23.

[32] *Lindley v. Comm'r of Soc. Sec.*, No. 3:08CV1159, Memorandum Decision and Order (ECF # 19) (N.D. Ohio Sept. 17, 2009).

[33] Tr. at 528-39.

because a transcript of the February 23, 2010, hearing could not be prepared.[34] On this third remand the Appeals Council ordered a *de novo* hearing.[35]

This tortuous history alone does not support any relief. But Lindley argues that along the way the ALJ failed to apply the rule of *res judicata* and should be accountable for this failure by providing, at the very lease, an "interim award." This requires an analysis of the various decisions. In the first decision on a DIB application, entered in 2001,[36] which Lindley did not challenge on judicial review, the ALJ found that her past relevant work was an automobile assembler, classified as medium and unskilled.[37] He adopted an RFC for light and sedentary work[38] and determined that she could not perform her past relevant work.[39] In two subsequent decisions, in 2007 and 2010, the ALJs also found Lindley's past relevant work as an auto assembler, medium and unskilled.[40] The 2007 and 2010 ALJ decisions were vacated and remanded by this Court or the Appeals Council. Lindley argues, however, that the finding of work as an auto assembler as medium, first made in the 2001 decision, should

---

[34] *Lindley v. Comm'r of Soc. Sec.*, No. 3:11CV390, Marginal Entry Order (ECF # 8) (N.D. Ohio May 24, 2011).

[35] Tr. at 549.

[36] *Id.* at 44-52.

[37] *Id.* at 45.

[38] *Id.* at 51.

[39] *Id.*

[40] *Id.* at 21 (2007), 538 (2010).

have been controlling for purposes of the decision now under review. As medium, Lindley posits, she could not perform this work at a light RFC.

Nevertheless, the decision now on review was rendered under a remand for *de novo* review.[41] The ALJ found Lindley capable of light work with some additional limitations. He found her able to perform her past relevant work as an automobile inspector, which Lindley testified was less physically demanding that a full assembly job.[42] Under the terms of the remand the ALJ was not required to adopt the past relevant work findings in the 2001 decision, particularly given the *de novo* nature of the ALJ's review and the new testimony about past relevant work that came into the record in the most recent hearing before the ALJ.[43]

## Conclusion

Substantial evidence supports the finding of the Commissioner that Lindley had no disability. Accordingly, the decision of the Commissioner denying Lindley disability insurance benefits is affirmed.

IT IS SO ORDERED.


Dated: March 24, 2014                    s/ William H. Baughman, Jr.
                                         United States Magistrate Judge

---

[41] *Id.* at 549.

[42] *Id.* at 780-82.

[43] *Id.* at 780-82, 817-18.